UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SERGIO REYNOSO-LOZANO,

Petitioner,

v.

STEPHEN SMITH,

Respondent.

Case No. 25-cv-08608-RS (PR)

**ORDER TO SHOW CAUSE**

**INTRODUCTION**

Petitioner seeks federal habeas relief under 28 U.S.C. § 2254 from his California state convictions. The petition for such relief is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases. The petition states a cognizable claim. Respondent shall file a response to the petition on or before **June 8, 2026**.

**BACKGROUND**

In 2023 a Humboldt County Superior Court jury convicted petitioner of committing lewd acts upon a child under the age of 14 years (Cal. Penal Code § 288(a)), and committing lewd acts upon a child 14 or 15 years old (§ 288(c)(1)). *People v. Reynoso-Lozano*, No. A168929, 2025 WL 341682, at *1 (Cal. Ct. App. Jan. 31, 2025); Pet., Dkt. No. 1 at 1-2. The jury found true allegations that there were multiple victims, that the victims were particularly vulnerable, and that petitioner took advantage of a position of trust or confidence. *Reynoso-Lozano*, 2025 WL 341682, at *1. A sentence of 50 years to life, plus a determinate term of two years eight months, was imposed. *Id.* Petitioner's attempts to overturn his convictions in state court were unsuccessful. This federal habeas petition followed.

United States District Court
Northern District of California

**DISCUSSION**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, petitioner claims the trial court violated his due process right to a fair trial by admitting expert testimony on Child Sexual Abuse Accommodation Syndrome (CSAAS).[1] (Pet., Dkt. No. 1 at 7.) When liberally construed, this claim is cognizable and shall proceed.

**CONCLUSION**

1. The Clerk shall serve electronically a copy of this Order upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following email addresses: SFAWTParalegals@doj.ca.gov and SFAGDocketing@doj.ca.gov. The petition (Dkt. No. 1) and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The Clerk shall serve by mail a copy of this Order on petitioner.

2. On or before **June 8, 2026**, respondent shall file with the Court and serve on petitioner, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on

---

[1] Petitioner states that he has four claims, but the only claim articulated in the petition is the due process claim regarding the admission of CSAAS evidence. (Pet., Dkt. No. 1 at 5.)

petitioner's cognizable claims.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3.  If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within thirty (30) days of the date the answer is filed.

4.  In lieu of an answer, respondent may file, on or before **June 8, 2026**, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within thirty (30) days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within fifteen (15) days of the date any opposition is filed.

5.  Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6.  It is petitioner's responsibility to prosecute this case.  Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7.  Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

8.  The filing fee has been paid.  (Dkt. No. 3.)

**IT IS SO ORDERED.**

**Dated:**  February _9_ , 2026

_____
RICHARD SEEBORG
Chief United States District Judge

United States District Court
Northern District of California

ORDER TO SHOW CAUSE
CASE NO. 25-cv-08608-RS

3